<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4239**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

JORGE ZARATE-CASTILLO, a/k/a Jose Diaz-Mendez, a/k/a
Bartolome Avellaneda Marin,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. William L. Osteen,
Jr., District Judge. (1:09-cr-00062-WO-1)

Submitted: November 18, 2010     Decided: March 18, 2011

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph M. Wilson, Jr., MERRITT, FLEBOTTE, WILSON, WEBB & CARUSO,
PLLC, Durham, North Carolina, for Appellant. Angela Hewlett
Miller, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Zarate-Castillo appeals his conviction and eighty-seven month sentence for illegal reentry after being convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal. Counsel questions, however, whether the district court erred in failing to run Zarate-Castillo's sentence concurrently with his undischarged state sentence. Zarate-Castillo has filed a pro se supplemental brief in which he contends that he received ineffective assistance of counsel. Finding no reversible error, we affirm.

In accordance with Anders, we have thoroughly reviewed the record to ascertain whether there are any meritorious issues for appeal. Our review of the plea colloquy discloses that the district court fully complied with the mandates of Fed. R. Crim. P. 11 in accepting Zarate-Castillo's guilty plea. The district court ensured that the plea was entered knowingly and voluntarily and was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We therefore affirm Zarate-Castillo's conviction.

We review Zarate-Castillo's sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review

2

requires consideration of both the procedural and substantive reasonableness of the sentence. Id. We assess whether the district court properly calculated the advisory guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the guidelines range, we apply a presumption of reasonableness. Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. The district court properly calculated the advisory guidelines range, considered the § 3553(a) factors, made an individualized assessment based on the facts presented, and adequately explained the reasons for its chosen sentence.

3

Moreover, Zarate-Castillo has failed to overcome the presumption of reasonableness we accord his within-guidelines sentence. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). Additionally, we find no abuse of discretion in the district court's decision to run Zarate-Castillo's sentence consecutive to his undischarged state sentence. See United States v. Puckett, 61 F.3d 1092, 1097 (4th Cir. 1995) (setting forth standard of review).

Finally, in his pro se supplemental brief, Zarate-Castillo contends that counsel was ineffective for failing to oppose the imposition of a consecutive sentence; failing to object to or explain the various aliases attributed to Zarate-Castillo; failing to correct the Government's assertion that he had served only nine months of his state sentence; and exhibiting a "lack of diligent preparation and zelous [sic] representation." Claims of ineffective assistance of counsel, however, are generally not cognizable on direct appeal, unless counsel's "ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Because it does not conclusively appear from the record that Zarate-Castillo received ineffective assistance of counsel, we decline to consider his claims on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the record and found no meritorious issues on appeal. We therefore affirm the judgment of the district court. At this juncture, we deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>